UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **BERLIN JOHNSON** | : | **DOCKET NO. 5:23-cv-00421** |
| **VERSUS** | : | **JUDGE DONALD E. WALTER** |
| **UNITED SERVICES AUTOMOBILE ASSOCIATION, ET AL.** | : | **MAGISTRATE JUDGE LEBLANC** |

### REPORT AND RECOMMENDATION

The court raises this matter *sua sponte* pursuant to 28 U.S.C. § 1447(c) to determine whether the court has subject matter jurisdiction over the instant case. Plaintiff brought this lawsuit against United Services Automobile Association (USAA) in the 26th Judicial District Court, Bossier Parish, and USAA was the only defendant to this case at the time of removal. *See* doc. 1, att. 2, p. 7, ¶ 2. For the reasons set forth below, the undersigned finds that this court lacks the requisite subject matter jurisdiction and therefore recommends that this matter be **REMANDED**.

### I.
#### Background

This case arises from damage to plaintiff's property in Plain Dealing, Louisiana, from a February 2021 ice storm. Plaintiff, who was then represented by attorneys from McClenny Moseley & Associates, PLLC (MMA), filed suit in the 26th Judicial District Court, Bossier Parish, on February 16, 2023, raising claims of breach of insurance contract and bad faith against USAA under Louisiana law. Doc. 1, att. 2. On March 31, 2023, USAA General Indemnity Company, claiming to have been improperly named as "United Services Automobile Association," removed the instant matter to this court. Doc. 1. The notice of removal alleged this court has diversity

jurisdiction over the lawsuit "because the parties are completely diverse" and the amount in controversy exceeds $75,000. *Id.* at p. 3, ¶ 15.

The court made a preliminary finding that subject matter jurisdiction exists in this case pursuant to 28 U.S.C. § 1332, but that finding included a caveat that it "may be reconsidered sua sponte or on appropriate motion." Doc. 8. The undersigned subsequently issued a Show Cause Order indicating that the subject matter jurisdiction finding would be reconsidered *sua sponte* and setting deadlines for both parties to respond and show cause as to why remand should not be recommended. Doc. 18. Defendant timely responded to indicate it does not oppose remand. Doc. 21. New counsel enrolled on plaintiff's behalf but did not seek an extension of plaintiff's reply deadline. Doc. 20. Plaintiff's deadline has passed, with none being filed.

## II.
### LAW AND ANALYSIS

The jurisdictional statute governing removal provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[F]ederal courts must address jurisdictional questions whenever they are raised and must consider jurisdiction *sua sponte* if not raised by the parties." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). The statutory basis for diversity jurisdiction, 28 U.S.C. § 1332, "requires 'complete diversity' of citizenship: a district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as one of the defendants." *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992) (string citation omitted); 28 U.S.C. § 1332.

Here, plaintiff stated in his petition he is domiciled in Louisiana. Doc. 1, att. 2, p. 7. USAA General Indemnity Company, claiming to have been improperly named as USAA, alleged in the Notice of Removal that plaintiff, as a Louisiana domiciliary, is a Louisiana citizen and that USAA General Indemnity Company is a citizen of Texas. Doc. 1, ¶¶ 16–19. After perusal of the notice

of removal and its attachments, including the state court record, we see no indication USAA General Indemnity Company was ever made a party to the lawsuit prior to its removal to this court. Thus, USAA General Indemnity Company's citizenship is irrelevant to the determination of whether this court has subject matter jurisdiction over the instant lawsuit.

Based on the information currently before the court, the only defendant in the matter at the time of removal was USAA. *See* doc. 1, att. 2, p. 7, ¶ 2 (original petition for damages naming only "United Services Automobile Association" as defendant). USAA is a reciprocal insurance organization that has members in all 50 states. *Vanhuss v. United Services Auto. Ass'n.*, No. 2:22-CV-04049, 2023 WL 4678078, at *2 (W.D. La. July 20, 2023); *Cruz v. United Services Auto. Ass'n.*, No. 21-515, 2021 WL 2662155, at *1 (E.D. La. June 29, 2021). An unincorporated association, such as a reciprocal insurance organization, is a citizen of each state in which it has a member. *Temple Drilling Co. v. Louisiana Ins. Guar. Ass'n.*, 946 F.2d 390, 393 (5th Cir. 1991) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96, 110 S. Ct. 1015, 1021 (1990)). Accordingly, USAA is a citizen of every state, including Louisiana. Because both plaintiff and defendant are citizens of Louisiana, there is no basis for the court's exercise of jurisdiction and, therefore, the undersigned recommends this matter be remanded.

### III.
#### CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that this matter be **REMANDED** to the 26th Judicial District Court, Bossier Parish, Louisiana.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections

to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n.*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 12th day of February, 2024.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE